IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MORGANTOWN MALL ASSOCIATES, LP,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-449**       (W. Va. Office of Tax Appeals Docket No. 23-1329)

**MARK A. MUSICK, in his official capacity**
**as Assessor of Monongalia County, West Virginia,**
**Respondent Below, Respondent**

**FILED**
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Morgantown Mall Associates, LP, ("MMA") appeals the West Virginia Office of Tax Appeals' ("OTA") October 11, 2024, final decision affirming property tax assessments made by Respondent Mark A. Musick, in his official capacity as Assessor of Monongalia County, West Virginia ("Assessor"). The Assessor filed a response.[1] Morgantown Mall filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

MMA owns a shopping mall located in Morgantown, West Virginia, known as the Morgantown Mall. The Morgantown Mall was built and opened in 1990. MMA is assessed yearly for ad valorem property taxes and at issue in this matter is the property's assessment for tax year 2023. The Assessor initially valued the Morgantown Mall at $33,300,400 for the 2023 tax year using the Integrated Assessment System ("IAS"), which generates a cost-based valuation, to assess the property. Subsequently, the Assessor received MMA's three most recent years of actual income showing increased annual income as follows: 2020 — $2,569,296; 2021 — $2,894,842; and 2022 — $3,751,039. Factoring in MMA's income information, the Assessor reduced the property's valuation to $30,804,800.

MMA appealed to the OTA for relief from the Assessor's valuation of the mall property. Val Chiasson, an appraiser employed by MMA, prepared a market approach and income approach appraisal but did not include a cost approach appraisal. Mr. Chiasson valued the subject property for the 2023 tax year at $14,610,000. Mr. Chiasson used

---

[1] Morgantown Mall is represented by Floyd M. Sayre III, Esq. The Assessor is represented by Spencer D. Elliott, Esq., and Webster J. Arceneaux III, Esq.

estimated income of $2,276,351 and used five comparable sales for the capitalization rate for the market comparison approach and the income capitalization approach. In its appeal to the OTA, MMA sought a reduction from the Assessor's valuation of $30,804,000 to a value of $14,610,000 based on Mr. Chiasson's appraisal.

The OTA conducted an evidentiary hearing on November 28, 2023. At the hearing, MMA presented evidence, including Mr. Chiasson's appraisal and his related testimony, supporting its claims that the Assessor's valuations of the property were higher than the actual value and were derived from the use of improper methodologies. The Assessor presented the testimony of Jerry Knight, who conducted the Assessor's appraisal and testified, inter alia, that all five of the comparable properties used in Mr. Chiasson's report were partial mall property sales. Mr. Knight further testified that these partial sales would not qualify as an arm's-length transaction, and therefore, were not valid comparable sales. In addition, Mr. Knight testified that using invalid sales to generate a capitalization rate would also render the capitalization rate invalid.

In its October 11, 2024, final decision, the OTA affirmed the Assessor's valuation of the mall property. The OTA determined that there were flaws in MMA's appraisal under the market approach due to the use of invalid comparable sales. The OTA further determined that because the invalid market approach analysis was used as a basis for the income approach's capitalization rate, the income approach was correspondingly invalid. Mr. Chiasson testified that he did not use a cost approach analysis because he did not believe it was an accurate approach and that the use of a cost approach is best suited when the property is new. In its final decision, the OTA noted that the Assessor is mandated to prepare a cost approach analysis and regarding Mr. Chiasson's rationale for not using the cost approach, concluded that

> The Petitioner is attempting to challenge the Respondent's valuation and is fully aware that the Respondent utilized the cost approach, yet Mr. Chiasson still did not utilize it to rebut the Assessor's presumption of accuracy. This Tribunal can appreciate Mr. Chiasson's years of experience, education, and role as an expert but finds his rationale for not preparing a cost approach [analysis] unpersuasive.

The OTA ultimately affirmed the Assessor's valuation and determined that MMA "has not met its burden of proof to show that the Monongalia County Assessor's actions were erroneous, unlawful, void or otherwise invalid."

The West Virginia Administrative Procedures Act governs the standard of review in administrative appeals, including appeals from final decisions of the Office of Tax Appeals:

(g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021). Further, regarding reviews of OTA decisions, the Supreme Court of Appeals of West Virginia ("SCAWV") has held:

Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law *de novo*. Syllabus Point 1, *Griffith v. ConAgra Brands, Inc.*, 229 W. Va. 190, 728 S.E.2d 74 (2012).

Syl. Pt. 1, in part, *Antero Res. Corp. v. Steager*, 244 W. Va. 81, 851 S.E.2d 527 (2020) (quotations omitted).

An assessor's property tax assessments are presumed to be correct, and the burden to show error in the assessment is on the taxpayer. *See* Syl. Pt. 1, *Berkeley Cnty. Council v. Gov't Props. Income Tr., LLC*, 247 W. Va. 395, 880 S.E.2d 487 (2022); Syl. Pt. 7, *In re Tax Assessments Against Pocahontas Land Co.*, 172 W. Va. 53, 303 S.E.2d 691 (1983). Additionally, the taxpayer's standard of proof is a preponderance of the evidence standard. W. Va. Code § 11-10A-19(h) (2023) (". . . the standard of proof which a taxpayer must meet at all levels of review and appeal shall be a preponderance of the evidence standard.").

With these standards in mind, we consider the parties' arguments.

In its first assignment of error, MMA asserts that the OTA erred in affirming the 2023 tax year assessment because the Assessor improperly relied on the cost approach when the primary factor for determining the value of the mall property is its capacity to generate income. MMA argues that the market approach and the income approach are more accurate methods to determine the value of the property than the cost approach used by the Assessor and contends that the Assessor's valuation is flawed because: (1) the Assessor

3

received MMA income information but failed to appraise the property using the income approach; (2) Mr. Knight failed to visit the property or inquire about its operations; (3) Mr. Knight acknowledges that appraisers use risk when making an income approach but he ignored risk in determining his capitalization rate; and (4) Mr. Knight did not attempt to determine the classification of the Morgantown Mall, which MMA asserts affects value significantly. Conversely, the Assessor argues that the Assessor's valuation carries with it a presumption of accuracy and was based upon the cost method employed by all fifty-five counties in West Virginia, as approved by the SCAWV in *Mercer Mall v. Sharon Gearhart, Assessor, Mercer Cnty.*, No. 18-0213, 2019 WL 1110329 (W. Va. Mar. 11, 2019) (memorandum decision). MMA's appraisal using the income approach and market approach was flawed; therefore, MMA did not show by a preponderance of evidence that the Assessor's valuation was erroneous, unlawful, void or otherwise invalid. We agree with the Assessor.

Our law demands that assessments made by county tax assessors are presumed correct, and we conclude that MMA did not meet its burden to establish, by a preponderance of the evidence, that the property tax assessment for tax year 2023 was erroneous. We agree with the OTA's conclusion that MMA merely offered an alternative value for the property in question, using different methodologies to those used by the Assessor. While MMA had the right to propose their alternative methods of assessing the mall property, such alternative recommendations are insufficient to prove that the Assessor's valuations under the cost approach were not supported by substantial evidence or were otherwise in contravention of any regulation, statute, or constitutional provision as the standard provided in West Virginia Code § 29A-5-4(g) requires. *See Berkeley Cnty. Council*, 247 W. Va. at 408, 880 S.E.2d at 500.

In its second assignment of error, MMA contends that the OTA erred in relying upon the 2022 appeal for any precedential or persuasive value for the purpose of the 2023 appeal. MMA argues that the principles of equal protection and uniform and equal taxation are violated by holding that the claims in the instant year are identical to claims made in an appeal of the assessment for the 2022 tax year. Based on our review, the OTA referenced the 2022 Monongalia County Circuit Court's rulings only as persuasive authority and only for propositions that have independent support. MMA has not cited to any authority that indicates this creates reversible error. Therefore, we find that this argument lacks merit.

For the foregoing reasons, we affirm the OTA's October 11, 2024, final decision.

Affirmed.

**ISSUED:** August 6, 2025

4

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White